**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:26-cv-00608-MR**

| | | |
|---|---|---|
| **JAYVEON LOVE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| | ) | |
| **CHAD HAWKINS,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Pro Se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 1] and Petitioner's Motion for Leave to Proceed in Forma Pauperis [Doc. 2].

## I.     BACKGROUND

Pro Se Petitioner Jayveon Love ("Petitioner") is a pretrial detainee currently held at the Gaston County Jail ("Jail") in Gastonia, North Carolina. He filed the instant petition pursuant to 28 U.S.C. § 2241 on July 27, 2026. [Doc. 1].  Petitioner alleges that he is being held on excessive bond, that his speedy trial motion and motion to dismiss in his state criminal proceeding have been pending since November 2025 and March 2026, respectively, and that his petition for writ of habeas corpus brought under Chapter 17 of the North Carolina General Statutes in those proceedings has not been decided

or set for hearing.  [Id. at 6].

Petitioner acknowledges that he has not appealed the issue about which he complains, asserting that appeal "is not a remedy for [his] petition." [Id. at 2-3].  For relief, Petitioner asks the Court to order his release from custody or, alternatively, for a hearing on the pending petition.  [Id. at 7].

## II.    IN FORMA PAUPERIS MOTION

Petitioner's affidavit shows that he has received no income over the last twelve months.  [Doc. 2 at 1-2].  Petitioner reports having no cash, no money in any bank account, no other assets, and that no one relies on him for support.  [Id. at 2-3].  The Court is satisfied that Petitioner is without sufficient funds to pay the filing fee in this matter. The Court, therefore, will grant Petitioner's motion to proceed in forma pauperis for the limited purpose of the Court's initial review.

## III.    STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein.  After examining the record in this matter, the Court finds that the habeas petition can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th

2

Cir. 1970).

## IV. DISCUSSION

A federal habeas petitioner who is "in custody pursuant to the judgment of a State court," may seek relief pursuant to Title 28, Section 2254(a). A pretrial detainee, however, is not "in custody" pursuant to a state court judgment. Relief under § 2254, therefore is not available. See Dickerson v. Louisiana, 816 F.2d 220 (5th Cir. 1987). A pretrial detainee's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), but only after fully exhausting the available state remedies. See 28 U.S.C. § 2241(c)(3); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004). Although § 2241 contains no express reference to exhaustion of state remedies, as does § 2254, exhaustion is required prior to filing a § 2241 petition. See e.g., Braden v. 30th Jud. Cir., 410 U.S. 484, 490-91 (1973); Moore v. DeYoung, 515 F.2d 437, 442-43 (3d Cir. 1975). To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts have the fair "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (in order to properly exhaust state remedies, "state prisoners must give the state

3

courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Here, Petitioner acknowledges that he has not engaged one complete round of North Carolina's established appellate review process. As such, Petitioner failed to exhaust his state remedies before filing this action. Because Petitioner failed to exhaust his state court remedies, this petition is not properly before the Court. The Court, therefore, will dismiss Petitioner's petition without prejudice.

## V.    CONCLUSION

For the reasons stated herein, Petitioner's § 2241 petition is denied and dismissed without prejudice.

## <u>ORDER</u>

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus under § 2241 [Doc. 1] is **DENIED** and **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Proceed in Forma Pauperis [Doc. 2] is **GRANTED** in accordance with the terms of this Order.

The Clerk is directed to terminate this action.

4

**IT IS SO ORDERED**.

Signed: August 3, 2026

Martin Reidinger
Chief United States District Judge